NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGXIA GUO, | No. 17-72299 |
| Petitioner, | Agency No. A205-773-489 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2020**
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Hongxia Guo, a native and citizen of the People's Republic of China, seeks

review of a decision by the Board of Immigration Appeals (BIA) that dismissed

her appeal from an Immigration Judge's (IJ) denial of her application for asylum.

Here, Guo's claim is based on the allegation that she was forced to undergo an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abortion in 2012 because Chinese government authorities determined she had violated family planning policy when she became pregnant with her second child while unmarried. The IJ denied this claim due to an adverse credibility determination, which the BIA adopted. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

In making an adverse credibility determination, an IJ must consider "the totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA reviews that determination under the clearly erroneous standard. 8 C.F.R. 1003.1(d)(3)(i). We review the BIA's decision for substantial evidence, and findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting 8 U.S.C. § 1252(b)(4)(B)). In this case, the BIA explained its reasoning with "sufficient particularity and clarity," while also relying on the IJ's opinion "as a statement of reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (citations omitted). We therefore review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* In other words, "we do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and

2

did not otherwise mention."[1] *Id.*

Here, the BIA focused on five of the IJ's adverse credibility findings in affirming the adverse credibility determination. First, regarding Guo's marriage: In her asylum application, Guo reported that she got married in 1991 and was later widowed. However, in a supplemental statement filed two years later, she admitted that she and her late husband had never legally married because she had been too young. Her testimony was also inconsistent as to whether her parents had attended the wedding banquet.

Second, regarding Guo's household registration certificate: Guo claims to be a widow, but the certificate states that she is divorced. Guo explained that her father had bribed an official to change her household registration status so that her son, born of her informal marriage, would not suffer the stigma of illegitimacy. Neither the IJ nor the BIA was persuaded by this testimony, especially without a rational explanation as to why Guo could not have changed the certificate to reflect her status as "widowed," as claimed, rather than "divorced." Third, a letter written by Guo's father undermined the credibility of Guo's testimony, due to the letter's failure to make any mention of the forced abortion and Guo's failure to persuasively justify the omission.

---

[1] For example, the BIA dismissed certain of the IJ's findings as "speculative, such as those concerning why the respondent did not move when her adolescent son was being taunted by his peers."

Fourth, the IJ and the BIA were both unconvinced by Guo's testimony that she could not obtain a death certificate for her husband because she had not been legally married to him. Her son qualified as her husband's immediate relative and could have obtained the death certificate for her. Fifth, Guo's testimony that she had visited a doctor for mental health issues only once was contradicted by the documentary evidence.

The BIA concluded that the IJ "properly" gave "limited weight" to Guo's additional documentary evidence from the Chinese government. *See Yali Wang*, 861 F.3d at 1007–08 ("[T]he IJ has no obligation to determine whether the documents submitted by petitioner are forgeries; rather, the petitioner has the burden to satisfy the trier of fact by offering credible and persuasive evidence."). Both the State Department's country conditions report and Guo indicated the prevalence of fraud and corruption in the issuance of such documents in China. Indeed, Guo admitted to having bribed a government official to obtain a false document before.

Substantial evidence supports the BIA's dismissal of Guo's appeal from the IJ's adverse credibility determination, because—at a minimum—we are not "compelled" by the evidence "to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Guo is correct that an IJ may not base her adverse credibility determination on an "utterly trivial inconsistency," *see Shrestha v. Holder*, 590

4

F.3d 1034, 1043 (9th Cir. 2010), or on mere speculation, *see Chawla v. Holder*, 599 F.3d 998, 1004 (9th Cir. 2010). Here, however, the inconsistencies were not trivial, like a typographical error, *see Shrestha*, 590 F.3d at 1043, but were numerous and substantive, *see id.* at 1044 ("Mindful of the legitimate impact that *even minor* inconsistencies may have on credibility, we conclude *only* that trivial inconsistencies that under the totality of the circumstances have *no bearing* on a petitioner's veracity should not form the basis of an adverse credibility determination." (emphases added)). And the REAL ID Act gives IJs explicit permission to consider "all relevant factors . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). As for Guo's argument that the IJ's findings were impermissibly speculative, we have held that an adverse credibility determination is not based on "complete speculation and conjecture" where, as here, "the IJ and BIA supported the determination with specific citations to record evidence." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). For these reasons, we are not compelled to reverse the BIA's decision to affirm the IJ's denial of Guo's application for asylum.

Petition **DENIED.**